UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

DEANDRAE DEAS,

    Plaintiff,

v.

KENNETH ATKINSON, et al.,

    Defendants.

Civil Action No. 5: 24-144-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Deandrae Deas has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Deas is currently confined at the Fayette County Detention Center (""FCDC") in Lexington, Kentucky. Deas alleges that in April 2023, FCDC officer Kenneth Atkinson used excessive force upon him and lied to other officers to justify his actions. [R. 1 at 2] He further alleges that Lieutenant Trevor Smith failed to conduct an adequate investigation of the incident and refused to hold a hearing before placing him in segregation. Deas also claims that FCDC Jailer Scott Colvin failed to manage the jail so

as to avoid such abuses, and that the Lexington-Fayette Urban County Government hired the responsible officers. *Id.* at 2-3. Deas seeks monetary damages for asserted violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.* at 3, 8.

Most of the claims in Deas's complaint are subject to dismissal on various procedural and substantive grounds. But all of the claims must be dismissed because Deas waited too long to assert them. The alleged incident took place on April 23, 2023. [R. 1 at 3] The statute of limitations began running at that time. *Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007). Deas had one year from that date to file suit. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). That deadline arrived on April 23, 2024. Deas signed his complaint on May 11, 2024, *see* [R. 1 at 8], but did not mail it until May 30, 2024, *see* [R. 1-1 at 1]. Either way, his complaint is untimely, and must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Accordingly, it is **ORDERED** as follows:

1.  Deandrae Deas's complaint [R. 1] is **DISMISSED** with prejudice.

2.  This matter is **STRICKEN** from the docket.

Entered: June 21, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2